**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

EDGEL B. JARRETT, JR.,

                    Plaintiff,

v.                                                    CIVIL ACTION NO.   2:20-cv-00679

KILOLO KIJAKAZI,
*Acting Commissioner of Social Security*,

                    Defendant.

**MEMORANDUM OPINION AND ORDER**

        This is an action seeking review of the final decision of the Commissioner of Social Security ("Defendant") denying the Plaintiff's application for disability insurance benefits (DIB) under Title II and supplemental security income (SSI) under Title XVI of the Social Security Act. By *Standing Order* (Document 3) entered on October 14, 2020, this matter was referred to the Honorable Omar J. Aboulhosn, United States Magistrate Judge, for findings of fact and recommendations for disposition.   On June 10, 2021, Magistrate Judge Aboulhosn submitted his *Proposed Findings and Recommendation* (PF&R) (Document 19), recommending that the Court deny the Plaintiff's request for judgment on the pleadings or remand, grant the Defendant's request to affirm the decision of the Commissioner, affirm the final decision of the Commissioner, and dismiss this action.

        The Court has reviewed the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 20) and the *Commissioner's Response to Plaintiff's Objection to*

1

*Report and Recommendation* (Document 21), as well as the original briefing, the administrative

record (Document 13 and exhibits), and the PF&R.   For the reasons stated herein, the Court finds

that the objections should be overruled.

The Plaintiff, Edgel B. Jarrett, Jr., filed his applications for SSI and DBI benefits on

February 20, 2018, "alleging disability since May 23, 2013, because of severe lower back pain,

diabetes, and obesity."   (PF&R at 2.)   He began receiving care for back pain on January 13, 2014.

He has been diagnosed with diabetes, degenerative disc disease, obesity, degenerative arthritis of

the lumbar spine, and peripheral neuropathy.   He testified that he could walk about 20 yards, and

experienced pain after sitting or standing for 5 to 10 minutes.   He explained that he spends most

of his time laying on a couch or bed, and his back pain prevents him from working.

The ALJ made the following findings regarding Mr. Jarrett's residual functional capacity

(RFC):

> He can lift ten pounds occasionally and less than ten pounds
> frequently.   He can sit for six hours total in an 8-hour workday and
> stand and/or walk for two hours total in an 8-hour workday.   He can
> sit for one hour at a time, stand for fifteen minutes at a time, and
> walk for fifteen minutes at a time.   He needs a 5-minute break after
> each defined period and can remain on-task at the workstation.   He
> can operate foot controls on an occasional basis.   He can
> occasionally climb ramps and stairs; but never climb ladders, ropes,
> or scaffolds.   He can occasionally stoop and crouch, but can never
> balance, kneel, or crawl.   He can tolerate frequent exposure to hot
> and cold temperature extremes, pulmonary irritants, wetness, and
> humidity, but must avoid all exposure to heights, moving
> machinery, hazards, or vibration.   The individual would be afflicted
> with chronic pain noticeable to himself at all times but could
> maintain attention and concentration in two-hour increments, with
> normal morning, lunch, and afternoon breaks.

(PF&R at 5–6, quoting from Tr. at 19, Finding No. 5.)   His claims were denied at each successive

stage, and he timely sought judicial review.

2

## APPLICABLE LAW

Disability under the SSA is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Social Security Administration utilizes a five-step sequential inquiry to determine eligibility for social security disability benefits. If a claimant is determined not to be disabled at one step, the evaluation does not proceed to the next step. *See Johnson v. Barnhart*, 434 F.3d 650, 653-54 (4th Cir. 2005)). The Fourth Circuit has summarized the five-step process as follows:

> the ALJ asks at step one whether the claimant has been working; at step two, whether the claimant's medical impairments meet the regulations' severity and duration requirements; at step three, whether the medical impairments meet or equal an impairment listed in the regulations; at step four, whether the claimant can perform her past work given the limitations caused by her medical impairments; and at step five, whether the claimant can perform other work.

*Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015). "If the first three steps do not lead to a conclusive determination, the ALJ then assesses the claimant's residual functional capacity, which is "the most" the claimant "can still do despite" physical and mental limitations that affect her ability to work." *Id.* at 635(citing 20 C.F.R. § 416.945(a)(1)). If the claimant is able to perform his or her past work, the ALJ can find the claimant not to be disabled. *Id.* If the claimant is not able to perform his or her past work, the ALJ proceeds to step five, where "the burden shifts to the Commissioner to prove, by a preponderance of the evidence, that the claimant can perform other work that 'exists in significant numbers in the national economy,' considering the claimant's residual functional capacity, age, education, and work experience." *Id.* (citing 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c)(2); 416.1429).

3

## STANDARD OF REVIEW

The Federal Magistrates Act requires a district court to conduct a *de novo* review upon the record of any portion of the proposed findings and recommendations to which written objections have been made.   28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b).   Conversely, a district court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *see also Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983) (holding that districts courts may adopt proposed findings and recommendations without explanation in the absence of objections).   A district court judge may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1) (2006).   A district court's authority to choose among these options is independent of the statutory duty to afford review to those portions to which objections are addressed.   *See Camby*, 718 F.2d at 199-200 ("If no objections were made, for example, it could hardly be argued that the judge must accept the [magistrate judge's] report if it contained an error of law apparent on its face.").   As such, it is wholly within the district court's discretion to accept, reject, or modify a magistrate judge's proposal irrespective of any objections by the parties.   *See United States v. Raddatz,* 447 U.S. 667, 676 (1980).   Running parallel with district courts' discretion under the Federal Magistrates Act is the responsibility to ensure the just disposition of matters referred to magistrate judges.   *See Mathews v. Weber*, 423 U.S. 261, 271 (1976); *see also Raddatz*, 447 U.S. at 683.

Section 405(g) of the SSA provides, "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive. . . ."   42 U.S.C. § 405(g).

"When examining an SSA disability determination, a reviewing court is required to uphold the determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Bird v. Comm'r of Soc. Sec. Admin.*, 699 F.3d 337, 340 (4th Cir. 2012). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964) (citing *Consolidated Edison Co. v. N.L.R.B.*, 305 U.S. 197 (1938)). In making its determination, the Court must look to "the whole record to assure that there is a sound foundation for the Secretary's findings, and that his conclusion is rational." *Vitek v. Finch*, 438 F.2d 1157, 1157-58 (4th Cir. 1971). When the Commissioner's decision clearly disregards the overwhelming weight of the evidence, the Court may modify or reverse the decision. *Id.*

## DISCUSSION

The issue in this case centers on the step five analysis of whether the claimant can perform work other than his past work. A Vocational Expert (VE) testified that a person with Mr. Jarrett's characteristics could not perform his past relevant work, but could perform three jobs: an optical assembler, a grader sorter, and an order clerk. "The VE also testified that optical assembler and grader sorter were not in a factory type setting." (PF&R at 13.) However, Mr. Jarrett argues that the ALJ did not adequately question the VE about a conflict between the Dictionary of Occupational Titles (DOT) description of the optical assembler and grader sorter jobs, and the VE's testimony that those jobs met the restrictions applicable to Mr. Jarrett. Specifically, he argues that those jobs do not meet the restrictions that Mr. Jarrett could not work around machinery, hazards, or heights. The Magistrate Judge found that it was clear and uncontested that there was no conflict between the testimony that a person with the Claimant's Residual Functional

5

Capacity (RFC) could perform the order clerk job and the DOT description of that job.   He also found that the DOT descriptions of the optical assembler and grader sorter jobs did not suggest that the hazards at issue for the Claimant would be present, despite the factory or industrial setting.

Mr. Jarrett argues that the Commissioner concedes that "the ALJ failed to identify and resolve any conflicts between the VE and the DOT and the VE's testimony was inconsistent with the DOT."   (Obj. at 2.)   Because the VE erroneously stated that two of the three jobs identified as compatible with the Claimant's RFC did not take place in a factory setting or in proximity to machinery, Mr. Jarrett argues that the ALJ's reliance on the VE warrants reversal or remand.   He argues that the ALJ erred, by failing to identify the conflict between the DOT and the VE's testimony and question the VE about that conflict, and "may have assessed or weighed the Vocational Expert's testimony and credibility differently which could have led to a different outcome" if such questioning had occurred.   (Obj. at 5.)

The Commissioner argues that the burden at step five was met "because no conflict exists regarding the third representative occupation, the order clerk job."   (Comm'r. Resp. at 1.)   The Commissioner emphasizes that Mr. Jarrett raises no objection to the findings regarding the order clerk job, with approximately 96,000 such jobs in the national economy.   The Commissioner argues that remand is unnecessary, despite any shortcomings with the analysis regarding the optical assembler and grader sorter jobs, because it would have no impact on the outcome of the case given the lack of any grounds to contest the finding that the Claimant could perform the order clerk job.

"At step five, the agency has the burden of providing evidence of a significant number of jobs in the national economy that a claimant could perform."   *Walls v. Barnhart*, 296 F.3d 287,

290 (4th Cir. 2002).   ALJs are to rely primarily on the DOT to determine whether sufficient other work exists for the claimant and may also use a vocational expert for further information about job availability and requirements.   *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).   A Social Security Administration Ruling requires the ALJ to inquire as to any conflicts between the VE's testimony and the DOT, obtain an explanation, and resolve any conflicts before relying on the VE's testimony.   *Id.* at 207–08.

In both *Pearson* and an unpublished 2018 decision, the Fourth Circuit found remand necessary where an ALJ failed to address conflicts between VE testimony indicating that a claimant could perform certain jobs, and DOT descriptions of the job requirements that appeared to include functions excluded by the claimants' RFCs.   *See, e.g.*, *Pearson v. Colvin*, 810 F.3d 204, 211 (4th Cir. 2015); *Keller v. Berryhill*, 754 F. App'x 193, 199 (4th Cir. 2018) (unpublished).   If the Court were faced with a decision in which each job relied upon by the VE and ALJ presented unaddressed conflicts, remand would be required.   However, the ALJ found that Mr. Jarrett could perform three jobs.   For two of those jobs, the ALJ failed to address an apparent conflict regarding possible exposure to moving machinery.   Without further development of the record, the finding that Mr. Jarrett can perform the jobs of optical assembler and grader sorter is not supported by substantial evidence.

There is no such conflict with regard to the order clerk job, however, and the finding that Mr. Jarrett could perform that job is supported by substantial evidence.   That job is available in significant numbers in the national economy.   Thus, the Court finds that the failure to address the conflicts with respect to the optical assembler and grader sorter jobs was harmless under the facts presented.   *Keller*, 754 F. App'x at 199 ("As a general proposition, we apply the harmless error

doctrine in reviewing a decision of the Commissioner denying a benefits claim."). Therefore, the Commissioner's decision is supported by substantial evidence, and the Plaintiff's request for judgment or remand must be denied.

## CONCLUSION

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that the *Plaintiff's Objections to Proposed Findings and Recommendation* (Document 20) be **OVERRULED** and that the Magistrate Judge's *Proposed Findings and Recommendation* (PF&R) (Document 19) be **ADOPTED**. The Court further **ORDERS** that the *Plaintiff's Brief in Support of Judgment on the Pleadings* (Document 15) be **DENIED**, that the *Brief in Support of Defendant's Decision* (Document 17) be **GRANTED**, that the final decision of the Commissioner be **AFFIRMED**, and that this matter be **DISMISSED** from the Court's docket.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to counsel of record and to any unrepresented party.

ENTER:    September 1, 2021

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA

8